## JOHN T. GIBBONS v. LOUISVILLE AND NASHVILLE R. R. CO., Appellant

(November 16, 1925, Opinion and Decree)
(December 14, 1925, Rehearing Refused)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 131.**

A claim based on an authorized agent's written acknowledgment of liability to the extent of the full amount claimed against a carrier on whose line damage to a shipment has occurred is not a claim involving the unfairness or unreasonableness of a provision regarding an interstate tariff.

2. **Louisiana        Digest—Prescription—Par. 173, 175.**

Written acknowledgment of indebtedness interrupts prescription.

Appeal from the Civil District Court, Parish of Orleans, Division "E". Hon. W. H. Byrnes, Judge.

This is a suit for the collection of damages caused by loss or damage to goods in transit by the railroad.

There was judgment for plaintiff and defendant appealed.

A plea of prescription was filed in the Court of Appeal.

Judgment affirmed.

McCloskey & Benedict and Michel M. Irwin, of New Orleans, attorneys for plaintiff, appellee.

Denegre, Leovy & Chaffe and Edward L. Gladney, of New Orleans, attorneys for defendant, appellant.

BELL, J.    This suit, filed July 17, 1922, is predicated upon the terse and complete averments found in plaintiff's petition, and reading as follows:

"1. That your petitioner shipped in the month of May, 1920, from New Orleans to Jacksonville, Florida, a certain quantity of feed on the defendant's railroad, and while in transit five hundred sacks thereof were damaged, amounting to a loss of $653.32, which was sustained by your petitioner.

"2. That your petitioner made timely reclamation therefor on said defendant and by a letter dated August 23, 1921, and subsequent letters thereto, the said defendant acknowledged and agreed to pay the claim aforesaid of your petitioner, but has so far failed to make payment."

Exceptions of vagueness having been overruled by the trial court, defendant answered by admitting the shipment and the date thereof, and by pleading what counsel for appellant admits was, in effect, a general denial.

There was judgment for plaintiff for the full amount claimed, with legal interest thereon from date of shipment until paid. A plea of prescription, under Act 223 of 1914, has been filed in this court by defendant, as appellant.

Documentary evidence found in the record establishes the following indisputable facts:

On May 11, 1920, plaintiff shipped from New Orleans to Jacksonville, Florida, over defendant's railroad, a car loaded to full capacity with 500 sacks of stock feed, consigned to his own order. Upon delivery of the shipment at Jacksonville, the feed was found to be overheated and damaged. Claim for loss in the sum of $653.32 was promptly presented. On August 23, 1921, after considerable correspondence, defendant's claim agent wrote to parties handling the claim for account of plaintiff the following letter:

"I am not satisfied that your client was justified in loading this car, knowing that the commodity would damage regardless of the tariff provision. In my letter of August 13 I admitted that the tariff was irregular, but the factor of freight charges should not have been controlling as against the danger of loading the car when it was distinctly understood by the party loading that the damage would far exceed the excess freight. After reconsidering the matter, I am willing to voucher the claim as

originally filed, but I will not consider the item of interest. If you will eliminate the $27.23, interest charge, voucher will be issued."

Subsequent correspondence was had between the parties concerning interest charges, with the result that the claim was never adjusted. Suit was finally instituted on the date previously mentioned.

The questions presented on appeal are:

First: Should the judgment, which is plainly predicated on the acknowledgment of liability found in the foregoing letter prevail?

Second: Is the plea of prescription, based on Act 223 of 1914, well founded?

We are referred to innumerable federal decisions in support of the contention that the Interstate Commerce Commission is the only tribunal vested with power to prescribe tariff provisions or to recognize, by way of reparation, claims for loss or damage based on the unreasonableness or unfairness of tariff rates or regulations. The following excerpt from one of the letters written by defendant's agent should be here noted:

"When this shipment moved, the tariff in effect required that the car be loaded to full carrying capacity. You loaded the car accordingly, notwithstanding the fact that you were familiar with the damage which would be encountered by loading this commodity without allowing sufficient room for ventilation. On complaint from shippers of grain products, a provision was made in the tariff whereby the actual weight would govern when loaded to within twenty-four inches of the top of car. This change in the tariff goes to show that the original tariff was not in harmony with the condition of loading the products susceptible to heat. For that reason I have been authorized to consider your claim.

It is argued that plaintiff's claim was based upon the unreasonableness of the tariff provision in effect at the time of the shipment and which induced him to load the car to full-space capacity, and that, even admitting the tariff provision as then existing to have been unreasonable, it was not legally within the power or authority of defendant's agent to determine such a question or to adjust a claim upon such facts and conditions as have arisen in the instant case. The petition itself presents a cause of action based solely upon the written acknowledgment of liability expressed in the letters referred to and which were submitted by defendant's authorized agent. If no authority existed in defendant or its agent to either approve or reject the claim, neither of them should have received it for adjustment, nor have asked for proof in support of the claim, but same should have been returned with notice that no authority existed to entertain claim. The claim arises under a contract of affreightment. Suit is not based on any rebate for illegal freight or other charges made by the carrier, but is an action ex contractu for damages suffered by an alleged breach of the contract and a subsequent acknowledgment of liability to the full amount claimed, exclusive of interest. The acknowledgment, as ultimately made, can in no manner be considered as a proposition of compromise. After careful consideration of the case— Southern Railway Company vs. Lewis & Adcock Company, 201 S. W. 131 (Tenn.)— cited with much reliance by plaintiff's counsel, we are unable to find any application of the law or facts therein noted to those presented in the instant case.

Under Article 3520, R. C. C., the written acknowledgment of indebtedness, bearing date August 23, 1920, was clearly an interruption of the prescription now pleaded, if, as a matter of law, the state statute (Act 223 of 1914) can be held to apply to the interstate shipment here involved. Our views of this case require no expression of opinon on this point.

The judgment appealed from is correct.

It is therefore ordered that the judgment herein appealed from be and the same is hereby affirmed, at defendant's cost, in both courts.